UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TODD NELSON,<br><br>            Plaintiff,<br><br>v.<br><br>TROY PEHRSON; TRACI PHILLIPS; ASHLEY PHILLIPS; LARRY MAJORS; and AUSTIN MAJORS,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 17)**<br><br>Case No. 2:24-cv-00568<br><br>Magistrate Judge Daphne A. Oberg |

      Todd Nelson filed this action against Troy Pehrson, Traci Phillips, Ashley Phillips, Larry Major, and Austin Majors, bringing claims for defamation per se, defamation, intentional infliction of emotional distress, wrongful use of civil proceedings, abuse of process, and civil conspiracy.[1] Mr. Nelson has filed an Ex Parte Motion for Alternative Service, seeking leave to serve Defendant Ashley Phillips via text message and Facebook message.[2] As explained below, Mr. Nelson has failed to establish reasonable diligence in attempting to serve Ms. Phillips[3] or that the proposed methods

---

[1] (*See* Compl. ¶ 1, Doc. No. 1.) Mr. Nelson's complaint states the court has diversity jurisdiction over his claims. (*See id.* ¶ 16 (citing 28 U.S.C. § 1332(a)).)

[2] (Ex Parte Mot. for Alt. Serv. ("Mot."), Doc. No. 17.)

[3] Defendants Traci Phillips and Ashley Phillips share a last name, but Traci Phillips is not a subject of Mr. Nelson's motion. "Ms. Phillips" in this order refers to Ashley Phillips.

1

of service are reasonably calculated to apprise Ms. Phillips of this action. Accordingly, Mr. Nelson's motion is denied.

## LEGAL STANDARDS

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[4] Because Mr. Nelson filed this action in the District of Utah, Utah law applies.

As relevant here, the Utah Rules of Civil Procedure permit service of an individual by "delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."[5] But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[6] The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the

---

[4] Fed. R. Civ. P. 4(e)(1).

[5] Utah R. Civ. P. 4(d)(1)(A).

[6] Utah R. Civ. P. 4(d)(5)(A).

party."[7]  The method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[8]

## ANALYSIS

### I. Mr. Nelson has not shown reasonable diligence in attempting to serve Ms. Phillips.

Mr. Nelson's motion and his counsel's declaration (filed with the motion) recount the following attempts to serve Ms. Phillips:[9]  Mr. Nelson "hired a private investigator to ascertain the most likely current home address for each of the defendants."[10]  After the private investigator identified addresses, Mr. Nelson's counsel "undertook her own investigation to confirm the accuracy of the addresses."[11]  Counsel also identified Ms. Phillips' "most recent work address" from a LinkedIn profile bearing Ms. Phillips' name.[12]  Mr. Nelson states two other defendants are also "known or understood to be working at the same office."[13]  A process server attempted personal service at the work address,

---

[7] *Id.*

[8] Utah R. Civ. P. 4(d)(5)(B).

[9] As addressed below, Mr. Nelson did not submit any server's affidavits with his motion—the attempts at service are described only in the motion and accompanying declaration from Mr. Nelson's counsel.

[10] (Mot. 3, Doc. No. 17.)

[11] (*Id.*)

[12] (*Id.*)

[13] (*Id.*)

3

but the server "was told both that service is not permitted at that business location and that Ashley is not currently employed there."[14]

A different process server then attempted to serve Ms. Phillips at the home address identified by the private investigator.[15] After no one answered the door, the server called Ms. Phillips' cell phone three times—but no one answered.[16] (Mr. Nelson's counsel states she obtained the phone number "through text messages between Ashley and her sister from her sister's cell phone.")[17] Next, the server "conducted additional online research" and located a phone number for an individual who shares Ms. Phillips' home address "and who is known to [Mr. Nelson's] family to be Ashley's long-time boyfriend."[18] After the individual did not answer the server's phone call, the server sent a text message to the individual, identifying himself and explaining his "purpose in contacting [the individual] to reach Ashley."[19] Shortly thereafter, "the process server received a text message from Ashley telling him to delete her number."[20]

---

[14] (Id.)

[15] (See id.)

[16] (Id. at 3–4.)

[17] (See Ex. to Mot., Decl. of Lauren DiFrancesco in Supp. of Ex Parte Mot. for Alt. Serv. ("DiFrancesco Decl.") ¶ 7, Doc. No. 17-1.)

[18] (See Mot. 4, Doc. No. 17.)

[19] (Id.)

[20] (Id.)

While these attempts would likely constitute reasonable diligence if supported by servers' affidavits, Mr. Nelson did not submit affidavits from the process servers (or any other evidence). Instead, Mr. Nelson's motion relies solely on his counsel's description of what the process servers told counsel about the service attempts.[21] That is insufficient.[22]

## II. The proposed methods of service are not reasonably calculated to apprise Ms. Phillips of this action.

Mr. Nelson proposes to serve Ms. Phillips by sending service documents via text message to the phone number "known and confirmed to belong to Ashley" and via Facebook message to a profile "known by [Mr. Nelson] and his family to belong to Ashley and containing numerous pictures of Ashley, her sister, and [her mother]."[23] But Mr. Nelson does not identify any case where a court has permitted alternative service by text message and social media in similar circumstances (nor does Mr. Nelson provide any evidence supporting his factual assertions). In some circumstances, courts have allowed service via text message or social media in concert with other, more

---

[21] (*See* DiFrancesco Decl. ¶¶ 5, 8, Doc. No. 17-1 (stating the process server "provided screenshots to me [counsel] of the outcome of [] attempted service," and the "process server I hired to serve Ashley at home told me" about his service attempts).)

[22] *See, e.g.*, *Shenzen First Union Tech. v. ATC Express, Inc.*, No. 5:21-cv-01558, 2022 U.S. Dist. LEXIS 126991, at *5–6 (C.D. Cal. July 15, 2022) (unpublished) (denying motion for alternative service where the plaintiff did not submit server's affidavits); *see also* Fed. R. Civ. P. 4(l)(1) ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."); Utah R. Civ. P. 4(e)(1) (requiring proof of service from "[t]he person effecting service").

[23] (Mot. 4, Doc. No. 17.)

5

traditionally acceptable means of alternative service.[24] But where Mr. Nelson seeks to serve Ms. Phillips only through text message and Facebook, he fails to provide evidence establishing that these methods of service are reasonably calculated to apprise Ms. Phillips of this action.[25]

## CONCLUSION

Mr. Nelson has failed to establish reasonable diligence in attempting to serve Ms. Phillips, and he has not shown service via text message or Facebook message is

---

[24] *See, e.g.*, *Marvici v. Roche Facilities Maint.*, 2021 U.S. Dist. LEXIS 193094, at *9–10 (S.D.N.Y. Oct. 6, 2021) (unpublished) (permitting service via certified mail and text message but noting that "if the plaintiffs were proposing to serve [the defendant] *only* by means of a text message, as opposed to using text messaging as a supplemental means of service, a substantial question would arise whether that service comports with due process" (emphasis in original)); *FTC v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, at *15 (S.D.N.Y. Mar. 7, 2013) (unpublished) (permitting service by email and Facebook message, but noting service only by Facebook message would raise due process concerns); *see also, e.g.*, *Roth v. NFL Nat'l Freight*, No. 3:23-CV-1380, 2023 U.S. Dist. LEXIS 189378, at *7–8 (S.D. Ill. Oct. 20, 2023) (unpublished) (denying motion for leave to serve defendant by text message, and noting courts typically only permit service by text message as "one part of a multi-prong approach to service"); *Fortunato v. Chase Bank USA*, No. 11 Civ. 6608, 2012 U.S. Dist. LEXIS 80594, at *7–8 (S.D.N.Y. June 7, 2012) (unpublished) (denying motion for leave to serve via Facebook message, and noting "anyone can make a Facebook profile using real, fake, or incomplete information, and thus, there is no way for the Court to confirm whether" the Facebook profile belongs to the defendant).

[25] *Cf. Silverman v. Sito Mktg.*, No. 14-CV-3932, 2015 U.S. Dist. LEXIS 197433, at *6–7 (E.D.N.Y. July 21, 2015) (unpublished) ("[W]here courts have permitted service through social media messaging, they have been presented with strong evidence demonstrating that the party being served was likely to receive the message."); *see also, e.g.*, *Menon v. Corbett*, No. 21-8384, 2023 U.S. Dist. LEXIS 134887, at *11–12 (D.N.J. Aug. 3, 2023) (unpublished) (permitting service via email, Facebook messenger, and Whatsapp, where the plaintiff submitted evidence showing the accounts were active, subpoenaed the owners of Facebook and Whatsapp to confirm the defendant owned the accounts, and "communicated extensively" with the defendant through the Whatsapp phone number).

reasonably calculated to apprise Ms. Phillips of this action.  Accordingly, Mr. Nelson's motion[26] is denied without prejudice.  By January 24, 2025, Mr. Nelson must file either proof of service for Ms. Phillips, or a new motion for alternative service.

DATED this 10th day of January, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[26] (Doc. No. 17.)