IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TODD NELSON,<br><br>                Plaintiff,<br><br>v.<br><br>TROY PEHRSON, TRACI PHILLIPS, ASHLEY PHILLIPS, LARRY MAJORS, AUSTIN MAJORS,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:24-cv-568 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

After the death of his daughter-in-law, Tiffany,[1] Plaintiff became the subject of ire for Tiffany's family, Defendants herein. Defendants allegedly led a years-long campaign of harassment, culminating in Defendants bringing a lawsuit against Plaintiff claiming that he was responsible for Tiffany's death. Plaintiff also claims that Defendants prepared and disseminated a press release containing false statements about him and made derogatory social media posts. Plaintiff brings claims for defamation per se, defamation, intentional infliction of emotional distress, wrongful use of civil proceedings (against Traci and Troy), abuse of process (against Traci and Troy), and civil conspiracy. Defendants seek dismissal of all claims.

---

[1] Because some of the parties share the same last name, the Court uses first names for clarity. No disrespect is intended.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[7]

---

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[8] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[10]

### III.  DISCUSSION

A.   DEFAMATION AND DEFAMATION PER SE

To establish a claim for defamation, a plaintiff must show "(1) the defendant published the statements in print or orally; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statements resulted in damages."[11] A statement gives rise to a claim of defamation per se when it is false and it "allege[s] criminal conduct on the part of the plaintiff or conduct which is incongruous with the exercise of a lawful business, trade, profession, or office."[12]

Defendants argue that Plaintiff's defamation claims fail because, as a public figure, Plaintiff must plead actual malice. In support of their claim that Plaintiff is a public figure, Defendants point to evidence outside the pleadings, which the Court cannot consider at this

---

[8] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[9] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[10] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[11] *Jacob v. Bezzant*, 2009 UT 37, ¶ 21, 212 P.3d 535 (internal quotation marks and citation omitted).

[12] *Westmont Residential LLC v. Buttars*, 2014 UT App 291, ¶ 22, 340 P.3d 183 (internal quotation marks and citation omitted).

stage.[13] Without reference to these outside materials, Defendants' argument necessarily fails. As such, the Court declines to dismiss on this ground.

Plaintiff argues that he is not a public figure and that, even if he were, he has sufficiently alleged actual malice. The Court will not reach these arguments as they were not raised in Defendants' Motion and, since Defendants elected not to file a reply brief, these issues have not been adequately addressed by the parties.

Defendants also argue that Plaintiff fails to sufficiently allege that Austin Majors, Larry Majors, and Troy Pehrson published any defamatory statements. Defendants' argument as to the Majors ignores the well-pleaded allegations of the Complaint. More specifically, the Complaint alleges that the Majors, acting under the pseudonym "Bruce Xavier," created and shared the alleged defamatory press release.[14] As for Troy Pehrson, Plaintiff also alleges, though in largely conclusory fashion, that he disseminated the press release.[15] Based upon these allegations, the Court declines to dismiss the defamation claim against any Defendant at this time.

B.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

"In order to demonstrate the intentional infliction of emotional distress [IIED], a plaintiff must show: (1) intentional or reckless conduct (2) which is 'of such a nature as to be considered outrageous and intolerable in that it offends against the generally accepted standards of decency and morality.'"[16] "To be considered outrageous, the conduct must evoke outrage or revulsion; it

---

[13] Docket No. 24, at 4–5.

[14] Docket 1 ¶¶ 61–62.

[15] *Id.* ¶ 72.

[16] *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 950 (10th Cir. 2011) (quoting *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 51, 194 P.3d 956).

must be more than unreasonable, unkind, or unfair."[17] "The liability for [IIED] clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."[18]

> The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam.[19]

"It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery."[20] "If the trial court determines that a defendant's conduct was not outrageous as a matter of law, then the plaintiff's claim fails."[21] However, "[w]here reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability."[22]

Plaintiff's claims are based on a series of harassing behaviors culminating in the filing of a wrongful death suit and the preparation and dissemination of an allegedly defamatory press release and social media posts. First, an "'allegation of improper filing of a lawsuit or the use of

---

[17] *Oman*, 2008 UT 70, ¶ 53 (internal quotation marks and citation omitted).

[18] *Bennett v. Jones Waldo Holbrook & McDonough*, 2003 UT 9, ¶ 64, 70 P.3d 17 (quoting Restatement (Second) of Torts § 46 cmt. d).

[19] Restatement (Second) of Torts § 46 cmt. d.

[20] *Gygi v. Storch*, 503 P.2d 449, 450 (1972) (quoting Restatement (Second) of Torts § 46 cmt. h (1965)).

[21] *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 38, 56 P.3d 524 (internal quotation marks and citation omitted).

[22] *Gygi*, 503 P.2d at 450 (quoting Restatement (Second) of Torts § 46 cmt. h).

legal process against an individual' does not state a claim for outrageous or intolerable conduct and, as such, 'is not redressable by a cause of action for intentional infliction of emotional distress.'"[23] Thus, the mere filing of the wrongful death action is not sufficient to state an IIED claim. Plaintiff's Complaint, however, does not simply rely on the filing of the wrongful death action. Instead, Plaintiff alleges that Defendants have engaged in a years-long pattern of harassment, making claims that Plaintiff emotionally, verbally, and physically abused his daughter-in-law to the point that he caused her suicide. Such allegations are sufficient to survive dismissal.[24]

C.  WRONGFUL USE OF CIVIL PROCEEDINGS

Utah courts have recognized that the wrongful civil proceedings tort has the potential for a "chilling effect" on a party's willingness to bring a civil claim to court and thus is a disfavored cause of action.[25] A claim for wrongful use of civil proceedings requires a plaintiff to show that (1) the prior proceedings terminated in their favor, and (2) the defendant "act[ed] without probable cause[] and primarily for a purpose other than that of securing the proper adjudication of the claim."[26]

Defendants argue that Plaintiff has failed to adequately allege a lack of probable cause. Probable cause "in this context means a reasonable belief 'in the existence of the facts upon

---

[23] *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 55, 116 P.2d 323 (quoting *Bennett*, 2003 UT 9, ¶ 66).

[24] *Cabaness v. Thomas*, 2010 UT 23, ¶¶ 6–11, 13, 40–41, 45, 232 P.3d 486; *Retherford v. AT&T Commc'ns*, 844 P.2d 949, 975–76, 978 (Utah 1992).

[25] *Anderson Dev. Co.*, 2005 UT 36, ¶ 59 (internal quotation marks and citations omitted).

[26] *Gilbert v. Ince*, 1999 UT 65, ¶ 19, 981 P.2d 841 (citing Restatement (Second) of Torts § 674).

which the claim is based' and a correct or reasonable belief 'that under those facts the claim may be valid under the applicable law.'"[27] The probable cause requirement is not demanding and "requires no more than a reasonable belief that there is a *chance* that a claim may be held valid upon adjudication."[28] Typically, "[t]he issue of whether probable cause exists is a legal determination for the Court to make."[29] However, only "[w]here . . . there is no dispute over the predicate facts of the underlying legal proceeding" may a court "decide probable cause as a matter of law."[30]

Here, the predicate facts of the underlying legal proceeding are very much in dispute. Plaintiff denies the claims made by Traci and Troy in their lawsuit, while they state they "believed, and still do believe to this day, in the allegations set forth in their Complaint."[31] Based on these factual disputes, the Court cannot resolve the question of probable cause on a Motion to Dismiss.

Defendants also argue that Plaintiff has not alleged an ulterior motive or improper purpose. Again, Defendants ignore the allegations of the Complaint. Plaintiff alleges that Traci and Troy instituted the prior proceedings to extort money from him, defame him, and harass him.

---

[27] *Burbidge Mitchel & Gross v. Peters*, 622 F. App'x 749, 753 (quoting *Gilbert*, 981 P.2d 841, 845–46).

[28] *Id.* (quoting *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62–63 (1993)).

[29] *McCoy v. United States*, No. 2:16-CV-487-TS, 2016 WL 4769349, at *2 (D. Utah Sept. 13, 2016).

[30] *Pro. Real Est. Invs., Inc.*, 508 U.S. at 63; *see also Nielsen v. Spencer*, 2008 UT App 375 ¶¶ 17–18, 196 P.3d 616 (affirming decision of the trial court to submit question of probable cause to the jury).

[31] Docket No. 24, at 10.

Plaintiff further alleges that he has suffered reputational damage and emotional distress as a result. These allegations are sufficient to state a claim.

D.   ABUSE OF PROCESS

A party must prove two elements to establish an abuse of process claim: "(1) an ulterior purpose in bringing the suit, and (2) a wilful act in the use of the process not proper in the regular conduct of the proceedings."[32] "To satisfy the 'wilful act' requirement, a party must point to conduct independent of legal process itself that corroborates the alleged improper purpose."[33] In other words, there must be some act outside of the legal proceedings that confirms the "improper ulterior motive for employing legal process against the plaintiff[,]"[34] such as "some form of extortion, using the process to put pressure upon the other."[35] "[F]iling a lawsuit and performing ordinary acts in the regular course of the legal proceedings is not abuse of process even if the goals of the lawsuit are nefarious and improper."[36]

Here, Plaintiff alleges that Traci and Troy had an ulterior purpose in bringing the underlying suit, namely extorting money from him and damaging his reputation.[37] Plaintiff also

---

[32] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1103 (10th Cir. 2009) (applying Utah law).

[33] *Hatch v. Davis*, 2006 UT 44, ¶ 39, 147 P.3d 383 (internal quotation marks and citation omitted).

[34] *Id.* ¶ 40.

[35] *Am. Agencies, LLC v. Sloan*, No. 2:13-cv-00283-JNP-CMR, 2020 WL 7024911, at *10 (D. Utah Nov. 30, 2020) (quoting Restatement (Second) of Torts § 682, cmt. b).

[36] *Rusakiewicz*, 556 F.3d at 1104.

[37] *Hatch v. Davis*, 2004 UT App 378, ¶ 33, 102 P.3d 774 (quoting Restatement (Second) of Torts § 682 cmt. b (1977)) ("The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it.").

8

alleges actions outside the legal proceedings that corroborate the ulterior purpose, Defendants' press release and social media statements. Viewing these allegations in the light most favorable to Plaintiff, it could be inferred that these statements were made in an effort to prompt Plaintiff to provide monetary renumeration to Defendants to avoid potential reputational and emotional damage. Based upon this, dismissal is not warranted.

E.   CIVIL CONSPIRACY

"To prove a civil conspiracy, plaintiff must show the following elements: (1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof."[38]

Defendants argue that Plaintiff has failed to allege the "agreement" element of civil conspiracy. It is unclear precisely which of the above-mentioned elements Defendants' consider the "agreement" element.[39] Regardless, this argument fails. Plaintiff has adequately alleged all of the elements required under Utah law and has pleaded them with sufficient detail to avoid dismissal.

---

[38] *Israel Pagan Estate v. Cannon*, 746 P.2d 785, 790 (Utah Ct. App. 1987).

[39] Defendants also cite to a non-existent paragraph in *Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, 54 P.3d 1054, to support their argument. Defendants cite to paragraph 47 of that case, Docket No. 24, at 12 n.18, but the case ends at paragraph 46. Moreover, the Utah Supreme Court's discussion of civil conspiracy in *Waddoups* concerned plaintiff's failure to muster sufficient evidence to withstand summary judgment. *Waddoups*, 2002 UT 69, ¶¶ 35–36. It did not discuss pleading requirements, so Defendants' reliance, even though incorrect, is misplaced.

Defendants also argue that, without a viable underlying tort claim, Plaintiff's civil conspiracy claim necessarily fails.[40] This argument rests on the other arguments made in Defendants' Motion to Dismiss. Because the Court has rejected those argument, this does not provide a basis for dismissal.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 24) is DENIED.

DATED this 18th day of September, 2025.

BY THE COURT:

Ted Stewart
United States District Judge

---

[40] *Coroles v. Sabey*, 2003 UT App 339, ¶ 36, 79 P.3d 974 (noting that civil conspiracy requires "an underlying tort").